Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DENISE COLEMAN,** | **Case No.:** |
| **Plaintiff.** | **COMPLAINT FOR DAMAGES FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.** |
| **v.** | |
| **DISH NETWORK, LLC.** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**COMPLAINT**

DENISE COLEMAN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DISH NETWORK, LLC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq*. ("TCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mins v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of California and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Pomona, California.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its headquarters located at 9601 South Meridian Boulevard, Englewood, Colorado 80112.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff had a cellular telephone number.

11. Plaintiff only used this number as a cellular telephone number.

12. Beginning in or around January 2016 and continuing through at least August 2016, Defendant called Plaintiff on her cellular telephone.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system, automated messages, and/or a prerecorded voice.

14. Defendant's calls to Plaintiff's cellular telephone would usually begin with a pre-recorded voice or a noticeable delay before Plaintiff was transferred to a live agent or the call terminated.

15. Plaintiff also received automated voicemails from Defendant.

16. Defendant's telephone calls to Plaintiff cellular telephone were not made for "emergency purposes."

17. Shortly after calls began, in or around January 2016, Plaintiff told Defendant to stop calling, thereby revoking any consent that Defendant may or

may not have thought it had to call her.

18. Defendant heard and acknowledged Plaintiff's request to stop calling, but continued to call her cellular telephone.

19. Once Defendant was aware its calls were unwanted, any further calls could only have been for the purpose of harassment.

20. Plaintiff found the Defendant's repeated calls upsetting, harassing, aggravating, annoying, frustrating, and invasive.

**COUNT I**
**DEFENDANT VIOLATED THE TCPA**

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

23. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant's calls to Plaintiff were not made for emergency purposes, but to try to collect money.

25. After Plaintiff told Defendant to stop calling in or around January 2016, Defendant was on notice that any applicable consent, if any ever existed, was revoked.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent lawful right, legal defense, legal justification, or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the loss and damages set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

WHEREFORE, Plaintiff, DENISE COLEMAN, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DENISE COLEMAN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C..

DATED: March 30, 2017

By:_/s/ Amy L. Bennecoff Ginsburg

Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff